UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al., <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>509 EXCAVATING LLC, <br><br>　　　　　　　Defendant. | CASE NO. C19-1738 MJP <br><br> ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiffs' Motion for Entry of Default Judgment. (Dkt. No. 12.) Having reviewed the Motion, Plaintiffs' Supplemental Briefs (Dkt. Nos. 17, 20), and all supporting materials, the Court GRANTS the Motion and ENTERS Default Judgment in Plaintiffs' favor.

**BACKGROUND**

Plaintiffs operate trust funds pursuant to the Labor Management Relations Act of 1947. (Compl. Count One, § I.) They allege that Defendant 509 Excavating LLC is bound by a collective bargaining agreement with Local 302 of the International Union of Operating Engineers which requires Defendant to promptly and fully report and pay monthly contributions to Plaintiffs for Defendant's employees who are members of the bargaining unit represented by the Local 302. (Id. § V.) By the terms of the collective bargaining agreement, Plaintiffs allege that Defendant agreed to pay liquidated damages of 12% on any delinquent or delinquently-paid contributions or the greater of $25 per month. (Id. ¶ VI; see also Dkt. No. 12-2, ¶ 7; Dkt. No. 12-4, at 16, 76, and 130.) Defendant also agreed to pay 12% per annum in interest accruing upon each monthly contribution delinquency, along with attorneys' fees and costs, including auditor expenses. (Id.) Plaintiffs allege that Defendant failed to make timely and complete payments to the trust funds.

After properly serving Defendant who then failed to appear, Plaintiff moved for and obtained an order of default. (See Dkt. Nos. 6-8.) Plaintiffs now request entry of default judgment. Plaintiffs provide evidentiary support for their claim that Defendant failed to make complete and/or timely payments of $159,922.72. (See Dkt. No. 12-2 at 4; Dkt. No. 12-5 at 2-10.) Plaintiffs note that there was a late payment of $50,078.13, which results in the net delinquent contributions due of $109,844.59. (See Dkt. No. 12-5 at 5-9.) Plaintiffs have submitted an auditor's accounting that calculates the liquidated damages as $19,202.29 and prejudgment interest to August 12, 2022 of $55,398.18. (See Dkt. No. 21.) And Plaintiffs have requested $2,635.50 in attorneys' fees, $459.00 in legal costs, and $1,353.75 in auditor costs, which is supported by various declarations of counsel. (See Dkt. Nos. 12-6, 12-7, 18.)

## ANALYSIS

A court's decision to enter a default judgment is discretionary. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

Id. at 1471-72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

As an initial matter, the Court finds that it has jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(e)(1) & (f), and 29 U.S.C. § 185. The Court also finds that venue is proper under 29 U.S.C. § 1132(e)(2) because Plaintiffs are administered in this District.

Considering the Eitel factors, the Court finds that entry of default judgment is proper. First, the Court finds that Plaintiffs and the underlying members of the bargaining unit would be prejudiced absent an order of default judgment for the amounts due to the Trusts for various bargained-for benefits. Second, taking the allegations in Plaintiffs' Complaint as true and considering the supporting materials, Plaintiffs have sufficiently pled meritorious claims for unpaid and/or delinquent contributions. Third, there is no evidence to suggest the default was due to excusable neglect, as Defendant failed to defend this action altogether. Fourth, the Court finds

no evidence that there are likely disputes of fact. The Eitel factors thus favor entry of default judgment.

The Court finds that Plaintiffs have submitted sufficient evidence that the gross delinquent and/or unpaid contributions from August 2018 through November 2019 total $159,922.72, and that the total net delinquent and/or unpaid contributions total $109,844.59, which accounts for a late payment of $50,078.13. (See Dkt. No. 12-2 at 4; Dkt. No. 12-5 at 2-10.) The Court has separately reviewed the liquidated damages and interest calculations and concurs with the following: (1) $19,202.29 in liquidated damages; and (2) prejudgment interest to August 12, 2022 of $55,398.18. (See Dkt. No. 21.) The Court further finds that Plaintiffs are entitled to recover the auditor costs of $1,353.75 pursuant to the Trust Agrements. The Court also finds that post-judgment interest on the delinquent contributions shall accrue at 12% per annum from the date of entry of judgment pursuant to the Trust Agreements. (See, e.g., Dkt. No. 12-4 at 76.)

Plaintiffs are also entitled to attorneys' fees under the relevant criteria outlined in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70, abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992):

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. Plaintiffs have supported each of these factors in the declarations of counsel (Dkt. No. 12-6, 12-7, 18), and the Court finds this evidence persuasive. Additionally, Plaintiffs have provided a

sufficiently precise accounting of their attorneys' fees and costs in the amounts of $2,635.50 and $459.00 in legal costs, respectively. (See id.)

**CONCLUSION**

The Court GRANTS Plaintiffs' Motion for Entry of Default Judgment. The Court ENTERS Default Judgment against Defendant as follows:

(1) Net delinquent contributions due from August 2018 through November 2019 of $109,844.59;

(2) Liquidated damages of $19,202.29;

(3) Prejudgment interest to August 12, 2022 of $55,398.18;

(4) Attorneys' fees of $2,635.50;

(5) Legal costs of $459.00; and

(6) Auditor costs of $1,353.75.

The default judgment totals $170,658.17. The delinquent contributions shall accrue post-judgment interest at a rate of 12% per annum. The remaining judgment amounts shall accrue interest at the rate applicable under 28 U.S.C. § 1961.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 31, 2022.

Marsha J. Pechman
United States Senior District Judge